UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PER SERVICES, LLC,**

                Plaintiff,                             **Case No. 2:20-CV-05539**

   v.                                               **Judge Watson**
                                                      **Magistrate Judge Jolson**

**ROBERT VAN SICKLE, et al.**

                **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' fully briefed Motion to Stay Discovery and Motion to Extend Time to Move and/or Plead. (Docs. 14, 21, 22). The Motion is **GRANTED in part**, and **DENIED in part**.

**I.     BACKGROUND**

Plaintiff Per Services, LLC has brought breach of contract claims against VanCo, LLC (Counts I and II) and, via claim of a piercing the corporate veil, against Robert W. VanSickle, III and Jamie VanSickle (Count III). In the alternative, Plaintiff claims unjust enrichment against those Defendants and against Defendant RJBB&C Ltd. (Count IV). Plaintiff also brings a fraudulent conveyance claim against all Defendants (Count V). (*See generally* Doc. 1).

Although this case began on October 22, 2020, little has happened. This is due in part to extensions granted and, more recently, because of Defendants' Motion to Stay Discovery and Motion to Extend Time to Move and/or Plead (Doc. 14). In that Motion, Defendants sought additional time to respond to the pleadings, which the Court granted (Doc. 15), as well as a wholesale stay of discovery. Generally speaking, Defendants say such relief is warranted because they have challenged this Court's jurisdiction to hear the case, and, in any event, Plaintiff's pleadings are deficient. (Doc. 14). At base, Plaintiff responds that stays generally are disfavored.

(Doc. 21).  And, of course, Plaintiff disagrees about the strength of Defendants' Motion to Dismiss. (*Id.*; *see also* Doc. 23).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). "In assessing whether a stay is appropriate, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id.* (quotation marks and citation omitted).  And district courts have broad discretion to stay or limit discovery.  *See id.*  But "[i]n exercising [this] discretion," *id.*, a "general rule" has emerged: "this Court is not inclined to stay discovery while a motion to dismiss is pending." *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009); *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted) ("[T]he Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay in discovery.").

Courts generally deviate from this rule only in "special circumstances." *Shanks*, 2009 WL 2132621, at *1.  For example, a discovery stay might promote judicial economy where the defendant's motion to dismiss "raise[s] a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted).  Otherwise, "[t]he Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

### III. DISCUSSION

In briefing this issue, Plaintiff casts Defendants' request as run-of-the-mill, which does not warrant staying discovery. And, for their part, Defendants claim that because they've raised jurisdictional and pleading concerns, discovery should be stayed. Both sides have legitimate concerns: Plaintiff does not want this case to languish, and Defendants do not want to spend resources unnecessarily. The Court shares both sides' concerns. Consequently, for the next sixty (60) days, the parties are **DIRECTED** to engage in limited, cost-effective discovery to give the Court time to consider Defendants' Motion to Dismiss. To that end, the parties shall meet and confer and file a discovery plan within **seven (7) days** of the date of this order. **Sixty days (60)** later, the parties shall file a joint report updating the Court on the progress of discovery.

Finally, a word of caution. In developing a limited discovery plan, each side is **ORDERED** to compromise in good faith. Failure to develop a plan will result in a requirement that each side certify efforts undertaken and potential fee shifting for failure to abide with this Order.

### IV. CONCLUSION

Defendants' Motion to Stay Discovery and Motion to Extend Time to Move and/or Plead is **GRANTED in part**, and **DENIED in part**. The parties shall meet and confer and file a discovery plan within **seven (7) days** of the date of this order. **Sixty days (60)** later, the parties shall file a joint report updating the Court on the progress of discovery.

IT IS SO ORDERED.

Date: February 22, 2021  /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE